1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

   Plaintiff,

  v.

GOLDEN SUNRISE NUTRACEUTICAL,
INC., ET AL.,

   Defendants.

_____/

Case No. 1:20-cv-01060-DAD-SKO

**ORDER RE: MOTION TO BE
RELIEVED AS COUNSEL**

(Doc. 72)

  This matter is before the Court on a motion to be relieved as counsel filed by Edgar H. Sevilla III, Esq. ("Attorney Sevilla") and Joseph La Costa, Esq. ("Attorney La Costa"), co-counsel for Defendants Golden Sunrise Nutraceutical, Inc., Golden Sunrise Pharmaceutical, Inc., and Huu Tieu (collectively, "Defendants").  (Doc. 72)  By minute order entered January 25, 2022, the Court directed the parties to file responses to the motion by February 11, 2022.  (Doc. 75.)  Plaintiff timely filed a "partial opposition" to the motion (Doc. 77), and none of the defendants responded.  The matter is deemed submitted on the papers.  *See* E.D. L.R. 230(g).

  As explained below, the motion is GRANTED as to Attorney Sevilla, and DENIED without prejudice as to Attorney La Costa.

## I. LEGAL STANDARD

  The local rules of this district require an attorney who would withdraw to obtain leave of the court upon a noticed motion.  E.D. Cal. L.R. 182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the

current or last known address of the client.  To comply with Local Rule 182(d), the attorney must also conform to the requirements of the California Rules of Professional Conduct.  *Id.*

The decision to grant or deny a motion to withdraw is within the court's discretion.  *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).  District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay.  *See Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc*., No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

## II.   DISCUSSION

Attorney Sevilla seeks to withdraw on the basis of personal medical reasons.  He has submitted a declaration stating he has "serious health conditions" and needs "multiple medical specialists and medical evaluators for treatment of [his] health condition."  (Doc. 72-1, Declaration of Edgar H. Sevilla III at 1–2.)  Attorney Sevilla states further that "it is difficult for [him] to perform and complete legal work in a timely manner," including meeting deadlines.  (*Id*. at 2.)  He concludes that his "ability to perform legal/ attorney work is compromised."  (*Id*.)

The California Rules of Professional Conduct require withdrawal when an attorney's physical condition would make effective representation unreasonably difficult.  Cal. State Bar Rule 1.16(a)(3).  The Rules also provide that an attorney may request permission to withdraw from litigation if the attorney's "mental or physical condition renders it difficult for the [attorney] to carry out the employment effectively."  *Id*. at 1.16(b)(8).  The Court finds that Attorney Sevilla's health troubles as described above would make effective representation difficult—if not unreasonably so.  Accordingly, the Court finds that there is good cause for the withdrawal of Attorney Sevilla.  In addition, Attorney Sevilla has provided complete contact information for Defendants (*see* Doc. 72 at 3) and served the motion and declaration upon Defendants and Plaintiff (*see* Doc. 72-2), in compliance with Local Rule 182(d).

1        As to Attorney La Costa, the Court finds that there is an insufficient record on which to grant

2   withdrawal.  The only reason given for Attorney La Costa's withdrawal is that he "was associated

3   with Sevilla and Associates for the sole purpose of filing pleadings" (Doc. 72 at 2), which is not, on

4   its face, a permissible reason to withdraw under California Rule of Professional Conduct 1.16.  In

5   the absence of a basis for withdrawal recognized by the Rules of Professional Conduct, the Court

6   finds Attorney La Costa lacks good cause to withdraw at this time.

7        Given that good cause exists for Attorney Sevilla's withdrawal, the Court turns to whether

8   there is a risk of prejudice to Defendants if the motion is granted as to him.  Here, Defendants will

9   not be left without a lawyer because Attorney La Costa remains counsel of record.  Attorney La

10  Costa has served as Defendant's attorney since September 1, 2020.  (*See* Doc. 32.)  According to

11  Plaintiff's counsel, Attorney La Costa has produced discovery responses on behalf of Defendants

12  and has communicated with opposing counsel regarding the deposition of Defendant Huu Tieu, the

13  then-pending settlement conference, and a stipulated order for a permanent injunction.  (Doc. 77-1,

14  Declaration of Edward Hynes ¶ 4.)  Thus, there appears no prejudice to Defendants if Attorney La

15  Costa proceeds in the absence of Attorney Sevilla.[1]  Further, Plaintiff's concerns of prejudice from

16  Attorney Sevilla's withdrawal (*see* Doc. 77) are unwarranted, as there will be no resultant delay in

17  the adjudication of this matter (including the resolution of Plaintiff's motion for summary judgment,

18  which remains pending before the assigned district judge).

19  **III.    CONCLUSION AND ORDER**

20       Considering Attorney Sevilla's reasons for withdrawal, the absence of prejudice to

21  Defendants and other litigants, the absence of harm to the administration of justice, and the absence

22  of possible delay, Attorney Sevilla's motion to be relieved as counsel will be GRANTED.  Because

23  Attorney La Costa has not demonstrated good cause to withdraw at this time, his motion will be

24  DENIED without prejudice.

25  //

26  //

27

28  [1] Defendants did not oppose the motion to withdraw, despite having been given an opportunity to do so.  (*See* Docs. 74, 76.)

Accordingly, it IS HEREBY ORDERED that:

1. The motion to be relieved as counsel (Doc. 72) is GRANTED as to Edgar H. Sevilla III, Esq., and is DENIED without prejudice as to Joseph La Costa, Esq.; and

2. The Clerk of Court is ORDERED to RELIEVE Edgar H. Sevilla III, Esq. as attorney for Defendants Golden Sunrise Nutraceutical, Inc., Golden Sunrise Pharmaceutical, Inc., and Huu Tieu.  Joseph La Costa, Esq., remains attorney of record for these defendants.

IT IS SO ORDERED.

Dated:   **March 4, 2022**                          _/s/ Sheila K. Oberto_
                                                                   UNITED STATES MAGISTRATE JUDGE