Stephen R. Cochell (TX 24044255) **(Service Contact)**
5850 San Felipe Drive, Suite 500, Houston, TX 77057
srcochell@gmail.com (346.800.3500)
Tammy Wavle-Shea (TX 24008908)
4830 Wilson Road Suite 300-236, Houston, TX 77396
tshea@tshealaw.com  (713.410.0856)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **FEDERAL TRADE COMM'N** | ) | Case No. 1:20-cv-01060 |
| | ) | |
| Plaintiff, | ) | **Defendant Golden Sunrise** |
| | ) | **Nutraceutical, Inc. et al.'s Rule** |
| vs. | ) | **6(b) Motion to Set Aside Order** |
| | ) | **Denying Extension of Time to** |
| **GOLDEN SUNRISE** | ) | **File Response to Motion for** |
| **NUTRACEUTICALS, INC. et al.** | ) | **Summary Judgment** |
| | ) | |
| Defendants | ) | |

Pursuant to Rule 6(b), Federal Rules of Civil Procedure, Defendant, Golden Sunrise Nutraceutical, Inc., Golden Sunrise Pharmaceutical, Inc. and Huu Tieu (collectively "Golden Sunrise") request this Court set aside and vacate its December 22, 2022 Order (Doc. 109) denying Golden Sunrise's Motion for Extension of Time to File Response to the FTC's Motion for Summary Judgment in the above case**.**

**I.      Statement of Facts**

On July 30, 2020, The U.S. Federal Trade Commission ("FTC") filed the instant action, alleging that defendants had violated the FTC Act by making false and unsubstantiated claims that defendant's products could effectively treat, mitigate the symptoms of, or cure COVID -19, Cancer, and Parkinson's disease and that these products had Food and Drug Administration (FDA) approval.

On August of 2020 Joseph C. La Costa ("La Costa") permitted Edgar H. Sevilla III, ("Sevilla") to use his login with this court to file his answer to the FTC's complaint because Mr. Sevilla was not then admitted to practice before this Court. On September 01, 2020, Attorney Edgar Sevilla filed a Notice of Appearance as counsel for Defendants. (Doc. No. 32.) Since that time, on occasions Attorney Joseph La Costa's name appeared on Mr. Sevilla's court filings but never as attorney for defendants, nor did he sign or file any documents with the court.

The dispositive motion deadline was October 04, 2021. On October 1, 2021, the filed its Summary Judgment Motion. The motion was noticed for November 02, 2021. Neither Mr. Sevilla nor Mr. La Costa filed an opposition to FTC's motion; Mr. Sevilla was ill, having suffered a stroke causing him to suffer mental lagoons wherein he would forget certain facts and deadlines were not met. Thus, on or about January 24, 2022 Mr. Sevilla citing his health, filed a motion to be relieved as counsel. (Doc, Nos. 72-73).

The Court granted Mr. Sevilla's request to be relieved as counsel but kept La Costa as counsel of record for Defendants. Mr. La Costa was never retained by defendants. During representation by Mr. Sevilla, Defendant was <u>not</u> made aware of documents exchanged by Defendant's counsel and the FTC. Following Mr. Sevilla's dismissal, Mr. La Costa did not disclose actions he had taken on his clients' behalf.

Defendant became aware of certain filings only after he *physically* went to the Court and requested copies of documents filed. Defendant then became aware of the Motion for Summary Judgment filed by Plaintiff. Mr. Tieu also became aware that neither Sevilla nor La Costa responded to the Motion for Summary Judgment nor did they make any attempts to obtain an extension of time to respond to the motion.

Upon receipt of the copy of the Motion for Summary Judgment from the Court, Defendant Tieu drafted his own response to the Motion for Summary Judgment and attempted to file Golden Sunrise's response with the court. The Court rejected the filing as the Court's records indicated that the Company was being represented by Mr. La Costa. Defendant was advised that he could not file a pro per document on behalf of Golden Sunrise.

The Court granted La Costa's withdrawal on October 22, 2022 (Doc. 94), leaving Tieu and Golden Sunrise unrepresented.

On or about November 1,2022, Tieu approached the undersigned counsel, Stephen R. Cochell to represent the Company and to also represent Mr. Tieu. Cochell determined that Golden Sunrise's deadline for responding to the FTC's Motion for Summary Judgment expired months ago.

Cochell agreed to represent Golden Sunrise and Tieu if Tieu filed a motion for an extension of time to respond to the MSJ within 60 days of an order. Specifically, Cochell was concerned about applying *pro hac vice* in a case and simultaneously violating this Court's rules regarding filing of any motions out of time.[1] In other words, counsel believed that his client had to obtain an order from this Court to file this motion out of time. Having appeared in other federal district courts in California and elsewhere, Cochell knew that failing to obtain leave to file a response to a dispositive motion would likely result in denial. If the motion was denied, his representation of Golden Sunrise was moot.

---

[11] In other federal cases around the country, counsel have been criticized for failing to file an appropriate motion to seek an extension of deadlines. Counsel's experience dictated that there be an order before filing any summary judgment motion.

On December 22, 2023 denied the Motion for Extension of Time to File MSJ Response. In pertinent part, the Court stated:

> On October 1, 2021, Plaintiff Federal Trade Commission filed a 65 motion for summary judgment. According to Local Rule 230, "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed." E.D. Cal. L.R. 230. Defendants did not file an opposition within fourteen days of service, before or by October 15, 2021, of the motion for summary judgment. On October 26, 2021, Plaintiff filed a 67 "Notice of Defendants' Failure to Oppose Plaintiff's Motion for Summary Judgment." On November 1, 2022, more than one year after the 65 motion was filed, Defendant Huu S. Tieu filed a 102 "Motion for an Extension of Time to File a Response to Motion for Summary Judgment." Therein, Defendant Tieu requests the Court to grant the motion for extension of time to obtain new counsel and grant a seventy-five day extension from the date of obtaining counsel to file an opposition to the 65 motion. (ECF No. 102 at 4.) Within the time of opposing the 65 motion, Defendants were represented by counsel, and their counsel made no request for an extension of time to oppose the 65 motion. Lacking good cause, the Court denies Defendant Tieu's motion and will rule on the 65 motion for summary judgment by Plaintiff Federal Trade Commission as unopposed.

Doc. 109.

**II.     Golden Sunrise Has Meritorious Defenses to the MSJ**

Golden Sunrise asserts that there are material facts that show or will prove that the products promoted by Defendants were, in fact, approved by the FDA.  Defendant initially filed New Drug Application (NDA), which FDA issued NDA No.: 204701 falls under Title 21 C.F.R. 56.102(d) for indication of Serious or Life-threatening conditions or diseases for FDA approval on January 07, 2013. Defendant Tieu received the FDA National Drug Code (NDC) No.: 70642-001-01 on July 02, 2018. On February 19, 2019 and March 25, 2019, Defendants received notification that ImunStem Rx Only Prescription Drug ("ImunStem") had been reviewed, evaluated, cleared, approved, substantiated, and accepted by the FDA.

Furthermore, FDA investigator John A. Gonzalez (Mr. Gonzalez) reviewed their products during an onsite inspection that lasted from February 19, 2019 to March 22, 2019; the products and plans in question in Plaintiff's complaint were in place and being administered to the public at the time of the onsite inspection, when Mr. Gonzalez concluded his inspection he found no serious issues and did not issue a FDA-483 letter nor a Warning Letter (emphasis added) which translates that he did not find any abnormalities meriting a closure of the facilities or an order desisting their activities. Furthermore, the CANCER Breakthrough signs, banners, and social media in question were in place during the inspection. Defendants were not doing anything different after the investigation by FDA/Mr. Gonzalez through the time Plaintiff filed the instant action. The FTC is aware of these facts but chooses to ignore these material facts.

**III.     The Law Supports Setting Aside the Court's December 22, 2022 Order.**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] mistake, inadvertence, surprise, or excusable neglect" Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

The Supreme Court has explained that "excusable neglect" can encompass mistakes and carelessness: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

Whether the neglect is "excusable" is a flexible standard, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. At a minimum, courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* Failure to consider all four factors constitutes an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009). No single factor is determinative. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).

When assessing whether a failure to act was caused by "excusable neglect," a court may not impose per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* . . . ."). There can be "no rigid legal rule against late filings attributable to any particular type of negligence." *Id.* at 860 (affirming that a paralegal's calendaring error was "excusable negligence."). Even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *Bateman*, 231 F.3d at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail).

Once a district court has considered and weighed all four *Pioneer* factors, and any other factors it deems appropriate on a case-by-case basis, the court has broad discretion to grant or deny the motion. *Pincay*, 389 F.3d at 859 ("[T]he decision whether to grant or deny an extension of time . . . should be entrusted to the discretion of the district court because the district court is in [the best position] to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal was not allowed.").

**IV.     The Company's Delay in Responding to the MSJ Was Beyond its Control.**

Using the *Pioneer* factors, it is clear that there is no prejudice to the FTC if the Order is set aside and a response to its MSJ filed. As this Court is aware, Congress adopted Rule 60(b) to favor trials on the merits where, as here, Golden Sunrise and Tieu have had to overcome serious problems with prior counsel. Tieu made every effort to get counsel to represent the Company. Granting Defendant's motion will not harm Plaintiff because the matter would be resolved on motion or on the merits. On the other hand, however denial of Defendant's Motion for an Extension of Time would result in default of Golden Sunrise, which would deny this defendant its day in court.

While the delay of the proceedings is regrettable and frustrating, there is no impact on the judicial proceedings, except to have new counsel file the response to the FTC's motion and get this case back on track. There is no question that Tieu, acting on behalf of Golden Sunrise, was totally surprised that a Motion for Summary Judgment was filed and had to find out about this dispositive motion by going to the courthouse and finding the motion on file. He then did his best to file a response for the Company but did not realize that only an attorney could act on behalf of Golden Sunrise. In sum, Mr. Tieu aced in good faith and the delays were out of his and Golden Sunrise's control.

WHEREFORE, Golden Sunrise respectfully requests this Court grant Golden Sunrise's Motion to Set Aside its December 22, 2022 Order (Doc. 109) and allow Defendant thirty (30) days from the date of the [proposed] Order to file a Response to the FTC's Motion for Summary Judgment.

----------------------------------- SIGNATURE LINE NEXT PAGE -----------------------------------

**Respectfully submitted,**

 /s/ Tammy Wavle Shea
Tammy Wavle-Shea
Texas State Bar No. 24008908
4830 Wilson Road Suite 300-236
Houston, Texas 77396
Telephone: (713) 410.0856
Email:        tshea@tshealaw.com

Stephen R. Cochell
Texas State Bar No. 24044255
5850 San Felipe Drive, Suite 500
Houston, TX 77057
346.800.3500
srcochell@gmail.com

**ATTORNEYS FOR DEFENDANTS**
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

This is to certify that this document will be served by email to attorney for Plaintiff, Edward Hynes, at ehynes@ftc.gov.

\_\_/s/_____
Tammy Wavle Shea

## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke with Mr. Edward Hynes on January 31, 2023 regarding this motion. After a brief discussion of the facts and basis for this motion, as well as the case in general, Mr. Hynes indicated he remained opposed to the motion.

\_\_/s/_____
Tammy Wavle Shea